NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSEPH AARON KROLL, *Appellant.*

No. 1 CA-CR 23-0415

FILED 11-19-2024

Appeal from the Superior Court in Mohave County
No. S8015CR202300065
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Alice Jones
*Counsel for Appellee*

Janelle A. Mc Eachern, Attorney at Law, Chandler
By Janelle A. Mc Eachern
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Kent E. Cattani and Judge Paul J. McMurdie joined.

---

**C A M P B E L L**, Judge:

¶1     This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Defendant Joseph Kroll was given the opportunity to file a supplemental brief but did not do so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining Kroll's conviction and resolving all reasonable inferences against him, *State v. Guerra*, 161 Ariz. 289, 293 (1989). Having reviewed the entire record, we find no reversible error and affirm the conviction and sentence.

**BACKGROUND**

¶2     On January 14, 2023, police officers pulled over a silver minivan on Highway 95 in Bullhead City because an object was hanging from the rearview mirror. Claudia Evans was driving, and Kroll was riding in the passenger seat. When Evans stepped out of the minivan, officers saw drug paraphernalia on the driver's seat. Based on probable cause, the officers searched Evans and located three cell phones. Officers then asked Kroll to get out of the vehicle and saw a handgun clipped to his belt. Upon removal of the firearm, the officers noticed that its serial number had been scratched off. When conducting a search of the minivan, officers found plastic bags containing thousands of blue fentanyl pills under the driver's seat. They also found more drug paraphernalia and what an officer described as a "drug ledger" in the driver's side compartment.

¶3     Officers questioned Kroll, who admitted that he was taking 30 fentanyl pills per day and that he traveled to Phoenix at least once a week to obtain pills. He said Evans picked him up from his home in Bullhead City and drove them to Phoenix, where they purchased the pills, and they were pulled over on the way back. He stated that, when they returned, he was going to pay Evans for a small portion of the pills to use himself. He claimed

that the handgun belonged to Evans, and he was holding it for her at the time of the traffic stop.

**¶4**      The State charged Kroll with transportation of narcotic drugs for sale, a class 2 felony; misconduct involving weapons (possessing a deadly weapon as a prohibited possessor), a class 4 felony; and misconduct involving weapons (possessing a defaced deadly weapon), a class 6 felony. *See* A.R.S. §§ 13-3408(A)(7), (B)(7), -3102(A)(4), (7), (M). During trial, the State presented testimony from the police officers who conducted the traffic stop and searched the minivan. The State also presented photos of the pills, photos of the handgun, bodycam footage of the traffic stop, and video of Kroll's interview. The parties stipulated that Kroll was a prohibited possessor. At the close of the State's case, the superior court denied Kroll's motion for judgment of acquittal under Arizona Rule of Criminal Procedure 20(a).

**¶5**      The jury could not reach a verdict on the transportation of narcotics for sale count, and the court declared a mistrial on that count. The jury found Kroll guilty of misconduct involving weapons (prohibited possessor) and not guilty of misconduct involving weapons (defaced weapon). At the sentencing hearing, the State presented evidence of Kroll's felony convictions within the last 10 years, and the court found that he was a category 3 repetitive offender. *See* A.R.S. § 13-703(C). The court sentenced Kroll to the presumptive term of 10 years' imprisonment with 97 days presentence incarceration credit. *See* A.R.S. §§ 13-703(J), -3102(A)(4), (M). He timely appealed.

## DISCUSSION

**¶6**      After a thorough review of the record, we find no reversible error. *See Clark*, 196 Ariz. at 537, ¶ 30. The record reflects Kroll was present and represented by counsel at all critical stages of the proceedings. The evidence presented supports the conviction, and the sentence imposed falls within the range permitted by law. Based on the record on appeal, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Kroll's constitutional and statutory rights. Therefore, we affirm Kroll's conviction and sentence.

**¶7**      Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, her obligations are fulfilled once she informs Kroll of the outcome of this appeal and his future options. *See State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Kroll has 30 days from the date of this decision to proceed, if he wishes, with a pro per

petition for review. *See* Ariz. R. Crim. P. 31.21(b)(2)(A). On the court's own motion, Kroll has 30 days from the date of this decision to file a motion for reconsideration. *See* Ariz. R. Crim. P. 31.20(c).

